**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CEECOLOR INDUSTRIES LLC, | : |
| Plaintiff, | : |
| v. | : Civil Case No. _____ |
| CITIZEN WATCH COMPANY OF AMERICA, INC. | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

**COMPLAINT**

Plaintiff CeeColor Industries LLC ("Plaintiff"), for its Complaint against Defendant Citizen Watch Company of America, Inc. ("Defendant"), hereby alleges as follows:

**PARTIES**

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 1000 West 190th Street, Torrance, California 90502. Upon information and belief, Defendant may be served with process through its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

**NATURE OF THE ACTION**

3. This is a civil action for the infringement of United States Patent No. 6,570,610 (the "'610 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On May 27, 2003, the '610 Patent entitled "Security System With Proximity Sensing For An Electronic Device" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '610 Patent is attached hereto as Exhibit A.

10. Plaintiff is the exclusive licensee of the '610 Patent and possesses all rights of recovery under the '610 Patent, including the right to sue and recover all damages for infringement thereof, including past infringement

## COUNT I – PATENT INFRINGEMENT

11. Paragraphs 1-10 are incorporated by reference as if fully restated herein.

12. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe one or more claims of the '610 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a security system for an electronic device. More specifically, and by way of non-limiting example, Defendant offers for sale via the www.citizenwatch.com website its PROXIMITY product ("PROXIMITY") that secures electronic devices. The PROXIMITY product includes the combination of a Bluetooth enabled watch and a PROXIMITY application that is installed on an electronic device, such as an iPhone.

13. For purposes of the '610 Patent, PROXIMITY is a security system securing a computerized device (e.g., an iPhone). PROXIMITY includes a sensing means for detecting the proximity of a user to said electronic device. For example, the PROXIMITY application is adapted to detect the presence of the PROXIMITY watch to the iPhone. PROXIMITY includes a means, responsive to said sensing means for at least partially disabling said electronic device to prevent full use of said electronic device upon detection by said sensing means that said user is no longer in proximity to said device. For example, the PROXIMITY application senses when the user is outside a 10 meter proximity area and locks the iPhone when this occurs. Also, PROXIMITY includes a verifier which accepts inputs about said user to determine if said user is

authorized to use said electronic device and which restores full use of said electronic device when disabled upon recognizing said input as an authorized input.  For example, if the PROXIMITY watch receives a button input from the user when the watch is within the 10 meter proximity area, the PROXIMITY application re-syncs the watch with the iPhone if the watch is authorized to sync with the iPhone.

14. To the extent such notice may be required, Defendant received actual notice of its infringement of the '610 Patent at least as early as the filing of the original complaint in this action, pursuant to 35 U.S.C. § 287(a).

15. Defendant's aforesaid activities have been, intentional, without authority and/or license from Plaintiff.

16. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. Defendant's infringement of Plaintiff's exclusive rights under the '610 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CeeColor Industries LLC respectfully requests that this Court enter judgment against Defendant Citizen Watch Company of America, Inc. as follows:

A. An adjudication that Defendant has infringed the '610 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285;

D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  June 6, 2013                       STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Counsel for Plaintiff*
*CeeColor Industries LLC*